IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


MICHAEL JOE FREEMAN                                                                                    PLAINTIFF

                    v.                          Civil No. 1:08-cv-01080

KEN JONES, Sheriff, Union
County, Arkansas; LT. JOHN
WILLIAMS, Union County Jail;
and DR. SEALE, Union County Jail                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Michael Joe Freeman filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on October 10, 2008. His complaint was filed *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On June 2, 2009, Separate Defendants Sheriff Ken Jones and Lt. John Williams filed a motion for summary judgment (Doc. 15). On December 31, 2009, Separate Defendant Dr. Seale filed a motion for summary judgment (Doc. 23). On January 12, 2010, the undersigned entered an order (Doc. 26) directing Freeman to complete, sign and return an attached questionnaire that would serve as his response to the summary judgment motions.

Freeman's response to the questionnaire was to be returned by February 5, 2010. To date, Freeman has failed to respond to the questionnaire. The Court's order and attached questionnaire have not been returned as undeliverable. The order was mailed to the same address as the Court's prior orders. Freeman has not informed the court of any change in his address. He has not requested an extension of time to respond to the questionnaire.

I therefore recommend Freeman's claims be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court. *See* Fed. R. Civ. P. 41(b). **The parties have**

**fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of February 2010.

                                                                   /s/ Barry A. Bryant
                                                                   HON. BARRY A. BRYANT
                                                                   UNITED STATES MAGISTRATE JUDGE